HUMPHREY v. HOLDEN.

CONTRACTS—SALES—CONSTRUCTION.

Under a contract which provided that complainants should purchase sectional bookcases of defendants at ten per cent. above the cost of manufacture, including cost of raw material, and other specified expenses, the defendants are entitled to the benefit which they gained by purchasing goods below the cost of manufacture at a receiver's sale.

Appeal from Wayne; Mandell, J. Submitted June 10, 1909. (Docket No. 32.) Decided July 6, 1909.

Bill by Edwin H. Humphrey against Ellsworth A. Holden and the Peninsular Manufacturing Company for an accounting. Defendants filed an answer in the nature of a cross-bill for an accounting with complainant. From a decree for defendants, complainant appeals. Affirmed.

*Standish Backus* and *Richard G. Kirchner* (*Otto Kirchner*, of counsel), for complainant.

*Raudabaugh & Person*, for defendants.

MOORE, J. Prior to 1904 the Peninsular Manufacturing Company, Limited, was engaged in the manufacture of sectional bookcases at Ann Arbor, Mich. The complainant in this case handled its output. He also loaned it some money. The defendant Holden also loaned money to said company until it owed him about $10,000. The company had financial difficulties and passed into the hands of a receiver, who continued for a time to operate the plant. Later the plant and all of the assets of the company were sold by the receiver, and Mr. Holden bid in the property at the sum of $6,300. Negotiations were had between the complainant and Mr. Holden for

157 MICH.—31.

the purchase of the output of the plant by complainant in the expectation that a company would be organized to continue the manufacture of the goods. In July, 1904, a written proposition was made by Mr. Holden to Mr. Humphrey offering to sell him all the sectional bookcases made by the plant. This offer was accepted in writing. The parties acted under the contract. Later .differences arose as to the construction of the contract, and this litigation was commenced. Upon the trial of the case the following stipulation was entered into:

" 'The parties to this suit have agreed upon the items which should be charged under the contract set out in paragraph 3 of complainant's bill in this case as ' cost of manufacture' therein mentioned of all sectional bookcases furnished by the manufacturer under said contract and referred to in the pleadings in this suit, except as to the two items entering therein and mentioned in the schedules of paragraph 2 of complainant's bill, to wit, ' raw material in stock' and ' merchandise (Peninsular bookcases),' and it was agreed between the parties that if the two items should be charged in said ' cost of manufacture' at a proportionate part of the purchase price at receiver's sale as set out in the second schedule in paragraph 2, to wit, 'raw material on hand,' at $651.45 and 'merchandise' (Peninsular bookcases) at $991.58, as claimed by complainant, then there has been paid to the manufacturer the sum of $2,555.15 above the 'cost of manufacture,' with ten per cent. added thereto. On the other hand, if such two items should be charged in ' cost of manufacture,' at their inventory value, as set forth in said paragraph 2 (which defendants claim should be done), then there is yet due to the manufacturer, in order that the payments should amount to ten per cent. above the ' cost of manufacture,' the sum of $2,637.25. It is further admitted that the complainant is entitled to a decree against the defendant for the sum of $560.32, which must be added to the amount of the decree, if any, in his favor, and must be deducted from the amount of any decree which may be entered against him. The above items include interest to date."

The language of the contract causing the trouble is as follows:

"You to pay for such articles at ten per cent. above cost of manufacture, f. o. b. at Ann Arbor. The said cost is to include cost of raw material, running of plant, management, labor and salaries, taxes, insurance, etc."

It is the contention of the complainant that the contract should be so construed as to give him the benefit of the purchase made by Mr. Holden at the forced sale made by the receiver. It is the contention of defendants that the contract should be so construed as to cover the actual cost of the manufacture. The circuit judge before whom the case was tried found in favor of the contention of defendants, and dismissed the bill. The case is brought here by appeal.

The case presented to us does not call for any extended discussion. We think it very clear from the language of the contract that a proper decree was entered in the court below.

The case is affirmed, with costs.

Grant, Montgomery, Ostrander, and Hooker, JJ., concurred.